UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

John Velez,

    Plaintiff,

      v.

United Parcel Service, Inc.,

    Defendant.

Civil Action No.
23-40029-MRG

**MEMORANDUM & ORDER**

**GUZMAN, D.J.**

I. **INTRODUCTION**

This case, which is before the Court on diversity grounds, arises out of a tragic motor vehicle accident that occurred in Worcester, Massachusetts on December 2, 2021. Plaintiff John Velez ("Plaintiff") filed this action against Defendant United Parcel Service ("Defendant")[1] asserting a single count of negligence under Massachusetts law.

Before the Court is Defendant's motion to dismiss [ECF No. 10] – which the Court – with due notice to the parties – converted into a motion for summary judgment under Federal Rule of Civil Procedure 12(d) [ECF No. 19] – as well as the Plaintiff's motion for leave to file an amended complaint [ECF No. 13].

For the reasons set forth below, the summary judgment motion is **GRANTED** and Plaintiff's motion for leave to file an amended complaint is **DENIED**.

---

[1] It is undisputed that Defendant's employee was acting within the scope of their employment at the time of Plaintiff's accident.

1

## II.   FACTUAL BACKGROUND

Plaintiff has told two, very different versions regarding the accident at issue. Indeed, it is in part because these two different versions are directly contradictory in material ways that summary judgment must enter in favor of Defendant.

### a.  Version 1

Version 1 of Plaintiff's account resides in the two-page complaint that Plaintiff filed in Worcester Superior Court on February 15, 2023. [ECF No. 4-4, the "Original Complaint"]. There, Plaintiff alleged that while driving on June Street in Worcester, he came upon Defendant's delivery truck. In Plaintiff's telling, the Defendant's operation and positioning of the delivery truck was negligent in four ways: (1) it was obstructing vehicular traffic; (2) it had not activated its "emergency flashing lights;" (3) it was, despite being a dark-colored truck, parked in "dark lighting conditions," and (4) the delivery driver was "exiting [the] vehicle to make a package delivery." [Id. ¶ 3]. As a consequence of this alleged negligence, Plaintiff told this Court that he was "*forced to swerve* his vehicle to the left to avoid the Defendant's parked motor vehicle," resulting in a collision with a car coming in the oncoming direction. [Id. ¶ 4] (emphasis added).

### b.  Version 2[2]

Version 2 of Plaintiff's story, which resides in Plaintiff's proposed, two-page amended complaint docketed in this Court on April 10, 2023 [ECF No. 13-2, the "Proposed Amended Complaint"], is materially different from Version 1 in at least three ways.

First, in Version 2, Plaintiff jettisoned his contention that Defendant had not activated its emergency lights. Compare [ECF No. 4-4, ¶ 3] with [ECF No. 13-2, ¶ 3]. Second, Plaintiff abandoned his allegation that he saw the Defendant's employee exiting the vehicle to make a package delivery.

---

[2] Although Court ultimately denies Plaintiff's motion for leave to amend his Original Complaint, the Court will, for fairness and efficiency reasons, nevertheless consider and evaluate the allegations contained therein.

Compare [ECF No. 4-4, ¶ 3] with [ECF No. 13-2, ¶ 3]. Most importantly, however, Plaintiff no longer contends that he was "forced to swerve" around the delivery truck. Compare [ECF No. 4-4, ¶ 4] with [ECF No. 13-2, ¶ 4]. Instead, Plaintiff now tells this Court that, because of Defendant's alleged negligence, he was "*required to attempt to pass Defendant's motor vehicle*," resulting in the collision with the car that was traveling in the oncoming direction. [ECF No. 13-2, ¶ 4] (emphasis added).

### c. Alleged Facts Common to Both Versions

In both versions, Plaintiff drove his vehicle into a lane of oncoming traffic and collided with a car traveling in the opposite direction. [ECF No. 4-4, ¶ 3; ECF No. 13-2, ¶ 4]. As a result of the collision, Plaintiff sought damages in the form of estimated medical expenses and property damage totaling approximately $212,728.01. [ECF No. 4-4, p. 2]

### d. What Explains the Differences Between Version 1 and Version 2?

The explanation for the material differences in the factual accounts in Version 1 and Version 2 seems to be that, in the intervening period between the filing of the Original Complaint and the docketing of the Proposed Amended Complaint, Plaintiff was deposed in a related state court case. That case, this Court understands, was brought by the estate of the deceased driver of the vehicle with which the Plaintiff collided. In his deposition, Plaintiff gave answers, under oath, which directly contradicted some of the allegations in his Original Complaint. Once the Defendant raised these discrepancies in connection with their motion to dismiss – including the most flagrant one described above regarding whether the Defendant came to a complete stop behind the Defendant's delivery truck – Plaintiff filed his Proposed Amended Complaint in an effort to make his allegations harmonious with his deposition testimony.

### III. CONVERSION TO A RULE 56 MOTION

The Court makes a brief note on the procedural posture of this case. Federal Rule of Civil Procedure 12(d) allows the Court to convert the Defendant's Rule 12(b)(6) motion into a Rule 56 summary

3

judgment motion. Fed. R. Civ. P. 12(d). The Court did so here because it was necessary to consider certain "matters outside the pleadings." See id. Specifically, the Court concluded that efficiency and fairness concerns required the Court to consider the relevant portions of the Plaintiff's deposition testimony in the related state court proceeding that were attached to Defendant's memorandum in support of their motion to dismiss. [ECF No. 11-2]. Per Rule 12(d)'s notice mandate, the Court gave both parties a "reasonable opportunity" to present all material and argument that they felt necessary during an in-person motion hearing. Fed. R. Civ. P. 12(d); [ECF No. 20].

## IV. LEGAL STANDARDS

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. An issue is considered "genuine" when a reasonable factfinder could resolve it in favor of the nonmoving party. Morris v. Gov't Dev. Bank, 27 F.3d 746, 748 (1st Cir. 1994). A fact is considered "material" when it may affect the outcome of the suit. Id. At the summary judgment stage, the Court must "indulge all reasonable inferences in favor of the nonmoving party." Martins v. Vt. Mut. Ins. Co., 662 F.Supp. 3d 55, 64 (D. Mass. 2023) (citing O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993)). If a properly supported summary judgment motion is presented, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial," and may not simply "rest upon mere allegation or denials of [their] pleading," but must instead "present affirmative evidence." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 256-57 (1986).

Summary judgment is generally not an appropriate disposition in negligence cases since the issue of whether a defendant acted negligently is usually a question of fact. See, e.g., Forand v. O'Brien, 602 F.Supp. 1182, 1186 (D. Mass. 1985) ("questions of negligence . . . are generally not suitable for disposition on summary judgment"); Ancillo v. Fogg, No. 89-01399-Z, 1991 U.S. Dist. LEXIS 6046, at *13 (D. Mass.

1991) (same).  However, as other courts applying Massachusetts law have recognized, that is by no means an absolute rule.  See, e.g., Roderick v. Brandy Hill Co., 631 N.E.2d 559, 559 (Mass. App. Ct. 1994) (affirming entry of summary judgment in favor of a defendant in a negligence case and explaining, "a judge may decide the issue as a matter of law when no rational view of the evidence permits a finding of negligence.") (citation omitted); Koski v. Dollar Tree Stores, Inc., 454 F.Supp. 3d 118, 121-122 (D. Mass. 2020) (granting a defendant's summary judgment motion on a plaintiff's single count of negligence since "no reasonable juror could find in Plaintiff's favor.")

Under Massachusetts law, a plaintiff claiming negligence must prove the familiar elements of duty, breach, causation, and damages.  Coughlin v. Titus & Bean Graphics, Inc., 767 N.E.2d 106, 110-11 (Mass. App. Ct. 2002).  In the context of alleged negligence related to motor vehicle accidents, specifically, case law from various Massachusetts state courts supplies certain relevant principles.  First, Massachusetts law imposes upon all drivers a duty to operate their motor vehicles "in a reasonably careful and prudent manner, not only as to its rate of speed but also as to its distance . . . and, within the bounds of ordinary care, to anticipate that [an] . . . automobile might be required to stop for various reasons incident to the traffic." Buda v. Foley, 19 N.E.2d 537, 538 (Mass. 1939); Rothera v. A.J. Letourneau, Inc., No. 2004-2223D, 2009 Mass. Super. LEXIS 196, at *3-4 (Mass. Super. Ct. July 30, 2009) (applying the above-quoted rule from Buda).  Moreover, as the Supreme Judicial Court has explained, "the mere happening of an accident upon the highway is no evidence of negligence on the part of the operator of a motor vehicle." Mitchell v. Silverstein, 70 N.E.2d 306, 307 (Mass. 1946).

Courts may disregard an interested party's purely self-contradictory and/or self-serving testimony at the summary judgment stage when it directly contradicts prior sworn testimony.  See, e.g., Colantuoni v. Alfred Calcagni & Sons, 44 F.3d 1, 4-5 (1st Cir. 1994) (affirming a district court's granting of summary judgment in a case including a negligence claim where, only after Defendants filed their summary

judgment motions, Plaintiff filed an affidavit that "direct[ly] contradict[ed] [] his prior deposition testimony"). The reason for this is simple: if a plaintiff facing summary judgment could simply file a pleading inexplicably altering the factual landscape to which they had previously contributed in order to manufacture a genuine dispute as to a material fact, absurd results would follow. See, e.g., Flaherty v. Entergy Nuclear Operations, Inc., 946 F.3d 41, 50 (1st Cir. 2019) (citing Colantuoni for the proposition that when "an interested witness has given clear answers to unambiguous questions [at deposition], he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed.") (brackets in original); Kuibyshevnefteorgsynthez v. Model, No. 93-4919, 1995 U.S. Dist. LEXIS 1896, at *39-40 (D.N.J. Feb. 6, 1995) (citations omitted) (explaining that although a Court may not weigh the credibility of evidence at the summary judgment stage, when "an affiant contradicts his earlier deposition testimony, it is permissible [for the Court] to discount the later, inconsistent averments.")

## V.    **APPLICATION**

Numerous factors weigh strongly in favor of granting summary judgment in favor of Defendant in this case. There is a complete lack of evidence regarding Defendant's alleged negligence. To be sure, the Defendant's delivery truck driver, like all drivers on Massachusetts' roads including the Plaintiff, owed a duty to operate his vehicle "in a reasonably careful and prudent manner." Buda v. Foley, 19 N.E.2d at 538. However, the mere fact that he was allegedly double-parked to make a delivery[3] and the Plaintiff happened to get into an accident does not necessarily constitute a breach of that duty. See Mitchell, 70 N.E.2d at 307 ("the mere happening of an accident upon the highway is no evidence of negligence on the

---

[3] Although the Plaintiff abandoned his original allegation that he saw one of Defendant's employees "exiting [the] vehicle to make a package delivery," the Court can and does safely assume that the reason the UPS truck was stopped was because a delivery had either just been made or was about to be made.

part of the operator of a motor vehicle.")  Nothing in the record substantiates Plaintiff's threadbare assertions in his complaint that the Defendant breached any given duty.  See e.g., Diaz v. Hernandez, 66 Mass. App. Ct. 1113, at *1 (2006) (affirming in part and reversing in part but affirming the grant of summary judgment in favor of one defendant in a motor vehicle accident negligence case; agreeing with the trial court that "there [was] no evidence from which a jury could infer negligence on the part of [that defendant]."); Zhizhen Fu v. Swansea Lounge, Inc., 76 Mass. App. Ct. 1110, at *1 (2010) (granting summary judgment in favor of defendants in a negligence case involving the plaintiff's fall in defendant's banquet hall after noting that "plaintiff alleges that she fell on grease or some other foreign substance," but that "neither she nor apparently anyone else ever saw such a substance," and "shortly after the fall, the plaintiff told a third party that she did not know if there was something on the dance floor but 'assumed there must have been something there.'")  In fact, Plaintiff's admission that the Defendant had activated at least one set of lights on the truck[4] further cuts against any breach-related arguments.  Compare [ECF No. 4-4, ¶ 3] with [ECF No 13-2, ¶ 3].

      Just as the Massachusetts Appeals Court in Diaz found that the trial court properly granted summary judgment in favor of a defendant against whom the plaintiffs had not presented any evidence to support their allegations of negligence, this Court finds that summary judgment is appropriate in this case because the Plaintiff has not provided evidence to support his allegation that Defendant breached its duty of care with respect to the operation and positioning of its mail delivery truck.  See Diaz, 66 Mass. App. Ct. 1113 at *1.  Likewise, this Court finds that the Plaintiff's contradictory assertions about the accident at issue coupled with the Plaintiff's failure to offer evidence of a breach of duty by Defendant supports the granting of summary judgment in favor of Defendants.  This ruling is in accordance with the Massachusetts Appeals Court's finding in Zhizhen Fu that the plaintiff's baseless, and somewhat

---

[4] [ECF No. 11-2, p. 2].

7

contradictory, statements attributing the cause of her fall to the defendant warranted summary judgment on the negligence claim in favor of the defendant. See Zhizhen Fu, 76 Mass. App. Ct. 1110 at *1.

More fundamentally, though, there is simply no evidence of causation – a necessary element of any negligence claim. Since Plaintiff has now admitted – in Version 2 – that he came to a *complete stop* behind the Defendant's truck and then made a *conscious choice* to cross over into a lane of oncoming traffic[5], it cannot be said that Defendant's alleged negligence *caused* Plaintiff's injuries in any way.

Since Defendant's summary judgment motion has been properly presented, Plaintiff cannot simply "rest upon mere allegations or denials of [their] pleading," but must instead "present affirmative evidence." See Anderson, 477 U.S. at 250, 256-57 (1986). Here, the Court finds that Plaintiff has supplied no such affirmative evidence beyond just his "mere allegations." See id. Accordingly, the analysis need not go any further – this is one of those unusual cases where summary judgment simply must be entered in favor of Defendant on Plaintiff's negligence claim.

## VI.   GRANTING LEAVE TO AMEND WOULD BE FUTILE

In relevant part, Federal Rule of Civil Procedure 15 provides that, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. In considering a motion for leave to amend, the Court must "examine the totality of the circumstances and [] exercise its informed discretion in constructing a balance of pertinent considerations." Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006) (citation omitted). One of the reasons that a motion for leave may be denied is futility of amendment. U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). When considering whether amendment of the complaint would be futile, the Court must apply the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[5] [ECF No. 11-2, p. 4].

Here, there is no question that allowing leave to amend would be futile.  First, the Proposed Amended Complaint fails to state a claim for negligence.  Even when viewed through the more lenient Rule 12(b)(6) prism, Plaintiff's claim does not make out a *prima facie* case for negligence – most especially with respect to the causation element.  See Leavitt v. Brockton Hosp., Inc., 907 N.E.2d 213 (Mass. 2009) (citing Restatement (Third) of Torts § 29).  In Leavitt, the Supreme Judicial Court affirmed a trial court's granting of defendant hospital's motion to dismiss plaintiff police officer's complaint which had alleged that the defendant had been negligent in releasing a medicated patient without an escort that was later involved in a pedestrian-automobile accident.  907 N.E.2d at 215.  Plaintiff had alleged that while responding to the emergency call flowing from this accident, his cruiser had collided with a vehicle that was not involved in the first accident.  Id. at 214, n. 2.  The Court affirmed the granting of defendant's motion to dismiss, in part, because plaintiff's injury had not arisen from the general types of danger, "that the hospital allegedly should have taken reasonable steps to avoid" but instead from "some other danger" – namely the collision between the cruiser and another unrelated vehicle.  Id. at 220.

The same principle applies here.  Plaintiff has offered no plausible explanation for how Defendant caused his harm, especially because he freely chose to drive into a lane of oncoming traffic from a fully stopped position; meaning that his injury arose "from some other danger" than what Defendant could have taken reasonable steps to avoid creating.  See id.

The Proposed Amended Complaint is also futile for yet another reason.  As described above, the Court is empowered to discredit self-contradictory and/or self-serving testimony when it contradicts prior sworn testimony at the summary judgment stage.  Accordingly, it would be fruitless for the Court to allow the formal amending of the Proposed Amended Complaint, since it would still have been able to review it in direct contrast to the above-described, materially contradictory portions of the Original Complaint.  See

9

e.g., Colantuoni, 44 F.3d at 4-5 (1st Cir. 1994). For all of these reasons, allowing the leave to amend would be futile and therefore Plaintiff's motion [ECF No. 13] is accordingly **DENIED**.

## VII. CONCLUSION

For the foregoing reasons, Defendant's summary judgment motion [ECF No. 10] is **GRANTED**. Plaintiff's motion for leave to amend [ECF. No. 13] is **DENIED**.

**SO ORDERED.**

**March 31, 2024**

/s/ Margaret R. Guzman
Hon. Margaret R. Guzman
United States District Judge